IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRANCE R.A. JACOB, in the** | **CIVIL NO. 1:CV-04-1654** |
| **capacity of Next Friend** | |
| **to Joshua Schriver,** | |
| | |
| **Plaintiff** | |
| | |
| **v.** | |
| | |
| **HERFF-JONES, INC.;** | |
| **MICHAEL WILLIAMS;** | |
| **SCOTT MARSHALL;** | |
| **FRANK CALLAHAN;** | |
| **GAIL EPPERSON; and** | |
| **RICHARD DARR, in their** | |
| **Professional, Fiduciary and Individual** | |
| **Capacities,** | |
| | |
| **Defendants** | |

## **M E M O R A N D U M**

Before the court is Defendants' motion for summary judgment.

Defendants assert that Mr. Jacob lacks standing to pursue this lawsuit because he

does not qualify as the "next friend" of the real party in interest, Joshua Schriver.

For the reasons set forth below, the court finds Defendants' arguments to be well-

founded.  Thus, the court will grant Defendants' motion for summary judgment.

"In every federal case, the party bringing the suit must establish standing

to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 124

S. Ct. 2301, 2308 (2004).  Standing encompasses two principles: Article III standing,

which relates to the Constitution's case or controversy requirement, and prudential

standing, which relates to "judicially self-imposed limits on the exercise of federal

jurisdiction." *Id*. (internal quotation omitted).  Prudential standing pertains to, among

other things, "the general prohibition on a litigant's raising another person's legal rights." *Id*. at 2309 (internal quotation omitted).

An exception to this prudential standing requirement occurs when a party proceeds as the "next friend" of the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 161-62 (1990). "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Id*. at 162; *see also* Fed. R. Civ. P. 17(c) (stating that an infant or incompetent person may sue by a "next friend"). Regardless, the purported "next friend" must establish two elements. First, the " 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore*, 495 U.S. at 163. Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*. The Supreme Court also suggested that a "next friend" must have a significant relationship with the real party in interest. *Id*. at 164. The burden of proving the above elements is on the purported "next friend." *Id*.

Defendants contend that Mr. Jacob fails to qualify as a "next friend" for two reasons. First, Mr. Jacob has failed to meet his burden of proving that Mr. Schriver lacks access to the courts due to mental incompetence or some other disability. Second, Mr. Jacob has failed to establish that he has a significant relationship with Mr. Schriver. Because the court finds Defendants' first argument to be convincing, the court need not address Defendants' second argument.

A "necessary condition" to establishing "next friend" standing is a showing that "the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id*. at 165.  In his deposition, Mr. Schriver testified that he is a 24 year-old adult, who considers himself to be mentally competent.  (Schriver Dep. at 6 *ll*.21-25 to 7 *l*.1, 11 *ll*.18-20.)  Mr. Schriver also testified that he can read and write, that he earned a college degree, and that he signs legal documents on his own behalf.  (*Id*. at 7 *ll*.2-7, 10-11.)  Further, Mr. Schriver testified that he does not suffer from any disabilities.  (*Id*. at 7 *ll*.14-18.)  Significantly, Mr. Schriver testified as follows:

> Q    So other than the fact that you really don't know the law, is there any reason other reason [sic] that you could not appear on your own behalf to prosecute this action?
>
> A    I don't think so.
>
> \*       \*       \*       \*       \*       \*       \*
>
> Q    So other than your belief that you don't know the law as well as Mr. Jacob, that's the only reason he's acting as your next friend in this case?
>
> A    Yes.

(*Id*. at 7 *ll*.19-22, 9 *ll*.24-25 to 10 *ll*.1-2.)  Mr. Jacob offers no evidence to dispute Mr. Schriver's testimony.  Thus, the undisputed evidence in this case demonstrates that Mr. Schriver is not "unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore*, 495 U.S. at 165.

In his Amended Complaint, Mr. Jacob concedes that "[n]o claim is made as to the incapacity or mental state of Plaintiff Joshua Schriver."  (Am. Compl. at 10.)  Instead, Mr. Jacob asserts that Mr. Schriver did not have access to the court because "[a]t the time of the initial filing of this Complaint, Schriver was unemployed

with less than $20.00 in his bank account." (*Id*.)  Mr. Schriver's financial inability to

pay the filing fee did not prohibit his access to the court.  Mr. Schriver could have

applied to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).  In short, the

undisputed facts demonstrate that Mr. Schriver was not prevented access to the

court such that Mr. Jacob's status as "next friend" was warranted.  Thus, the court

concludes that Mr. Jacob does not have standing to pursue the instant matter.

In his response to Defendants' summary judgment motion, Mr. Jacob

asserts the following arguments.  First, the court "ruled" on the issue when it ordered

service of the Amended Complaint, which provided argument as to why Mr. Jacob

qualified as a "next friend."  Second, Defendants' challenge to standing is barred by

"estoppel by silence" because Defendants have had ample opportunity to dispute Mr.

Jacob's standing, but have neglected to do so.  Third, Defendants "affirmed" Mr.

Jacob's "next friend" status by threatening to recover attorney's fees from Mr.

Jacob.  Fourth, Mr. Schriver's mental competency can only be determined by an

expert witness.  Finally, summary judgment is not appropriate in this case because

Defendants have refused to participate in depositions sought by Mr. Jacob.

The court finds all of Mr. Jacob's arguments to be patently baseless.

Mr. Jacob has admitted that Mr. Schriver does not suffer from mental incompetency.

(Am. Compl. at 10.)  Mr. Schriver has admitted that Mr. Jacob is only acting as a

"next friend" because he believes Mr. Jacob knows the law.  (Schriver Dep. at 9

*ll*.24-25 to 10 *ll*.1-2.)  The court will not allow Mr. Jacob to make a mockery of the

legal process any further.[1]  Mr. Jacob does not have standing to pursue Mr.

---

[1]The court cautions Mr. Jacob that he is subject to the provisions of Federal Rule of Civil

(continued...)

4

Schriver's legal interests; therefore, the court will grant Defendants' summary

judgment motion.[2]  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  August 18, 2005.

---

[1](...continued)
Procedure 11.  Under Rule 11(b)(1), a party who submits a "pleading, written motion, or other paper" to the court is certifying that the legal contentions asserted therein are "warranted by existing law or by a nonfrivilous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).

[2]Mr. Schriver may, or course, pursue his legal claims on his own behalf and file for leave to proceed *in forma pauperis* or seek the services of an attorney who will provide legal services for him on a contingency basis.  The court also cautions Mr. Schriver, however, that if he proceeds on his own behalf, he is subject to the standards of Federal Rule of Civil Procedure 11.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRANCE R.A. JACOB, in the** <br> **capacity of Next Friend** <br> **to Joshua Schriver,**        : <br> : <br> : <br> : <br> **Plaintiff**      : <br> : <br> **v.**       : <br> : <br> **HERFF-JONES, INC.;**    : <br> **MICHAEL WILLIAMS;**   : <br> **SCOTT MARSHALL;**    : <br> **FRANK CALLAHAN;**    : <br> **GAIL EPPERSON; and**    : <br> **RICHARD DARR, in their**   : <br> **Professional, Fiduciary and Individual** : <br> **Capacities,**      : <br> : <br> **Defendants**     : | **CIVIL NO. 1:CV-04-1654** |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS**

**HEREBY ORDERED THAT**:

1) Defendants' motion for summary judgment (Doc. 25) is **GRANTED**.

2) The Clerk of Court shall enter judgment in favor of Defendants and

against Plaintiff.

3) The Clerk of Court shall close the file.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  August 18, 2005.